

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 10, 2021

**BY ECF AND EMAIL**
The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 18C
New York, New York 10007

  Re: *Commodity Futures Trading Commission v. HDR Global Trading Limited, et al.*, 20 Civ. 8132 (MKV)

Dear Judge Vyskocil:

  The Government respectfully submits this letter pursuant to the Court's Individual Rules of Practice to seek a pre-motion conference before making a motion to intervene in the above-captioned case in order to seek a stay of discovery in this matter during the pendency of the criminal case involving three of the same defendants, and relating to the same operative facts. *See United States v. Arthur Hayes, Ben Delo, Samuel Reed, and Gregory Dwyer*, 20 Cr. 500 (JGK) (the "Criminal Case").

### Background & Procedural Posture

  "BitMEX," or the Bitcoin Mercantile Exchange, is an online trading platform that was launched in or about November 2014. Arthur Hayes, Ben Delo, and Samuel Reed are the founders and long-time executives of BitMEX. BitMEX has at all relevant times been owned and operated through one or more parent companies (collectively referred to herein as BitMEX), including HDR Global Trading Limited and others.

  On October 1, 2020, a criminal indictment (20 Cr. 500, Dkt. No. 1, the "Indictment") was unsealed charging Hayes, Delo, and Reed (and another BitMEX executive, Gregory Dwyer) with violating the Bank Secrecy Act (the "BSA") and participating in a conspiracy to violate the BSA. Among other things, the Indictment alleges that from at least in or about September 2015 and continuing until in or about September 2020, BitMEX operated as a Futures Commission Merchant with U.S. customers; BitMEX failed to establish, implement, and maintain an anti-money laundering program satisfying the minimum standards that the BSA requires of FCMs, including a "know-your-customer" or customer identification program; and the defendants willfully caused and conspired to cause these BSA violations by BitMEX. (*See, e.g.*, Indictment ¶¶ 30, 32.). On October 1, 2020, the CFTC filed a complaint in the instant proceeding against Hayes, Delo, Reed,

and BitMEX arising out of the same core facts as the Indictment.  (*See, e.g.*, Complaint ¶¶ 33, 120, 117, 136 ,138.)

In the instant proceeding, Hayes, Reed, and BitMEX have waived service of the Complaint. (Dkt. Nos. 22, 23, 24, 25, 26, 27, 28).  Delo has yet to be served or otherwise appear.  The current deadline for the defendants to respond to the Complaint is February 12, 2021.  (Dkt. No. 37).

The Criminal Case is pending before Judge John G. Koeltl.  Reed was arrested in the United States on October 1, 2020 and first appeared before Judge Koeltl on October 15, 2020.  Reed entered into a Protective Order with the Government on November 20, 2020.  (Criminal Case, Dkt. No. 23), and the Government has been producing discovery materials to Reed on a rolling basis since December 2020.  Judge Koeltl held a status conference on February 9, 2021.

## **Legal Standards**

Rule 24 of the Federal Rules of Civil Procedure ("FRCP") provides for the intervention of parties in civil lawsuits either by right or by permission of the court.  "[C]ourts in this Circuit have routinely allowed federal or state prosecutors to intervene in civil litigation in order to seek a stay of discovery."  *SEC v. Treadway*, No. 04 Civ. 3464 (VM), 2005 WL 713826, at *2 (S.D.N.Y. Mar. 30, 2005) (collecting cases).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Catskill Mountains Chapter of Trout Unlimited, Inc. v. EPA*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  In particular, courts in this district have recognized that where the same or similar legal issues are presented to two courts, staying the action in one of those forums promotes "judicial efficiency" and minimizes "the possibility of conflicts between different courts."  *Id.* (quoting *N.Y. Power Auth. v. United States*, 42 Fed. Cl. 795, 799 (Fed. Cir. 1999)).

With respect to stays of civil enforcement cases in light of criminal prosecutions, courts consider six factors, namely: "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to the plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest."  *See, e.g.*, *Treadway*, 2005 WL 713826, at *2.

## **Argument**

The Criminal Case involves claims and defenses that share common questions of law and fact with this case, and the Government has a discernible interest in preventing this matter from being used to undermine discovery limitations in the Criminal Case.  Both the Indictment and Complaint allege, among other things, that BitMEX operated as a Futures Commission Merchant; that BitMEX violated BSA anti-money laundering requirements; and that the individual defendants were legally and factually responsible for BitMEX's violations.  (*Compare, e.g.*,

Indictment ¶¶ 30, 32, *to* Complaint ¶¶ 33, 117, 120, 136 138.)  Resolving these allegations will necessarily require considering overlapping legal and factual issues.  Accordingly, the Government should be permitted to intervene in this case and the threshold inquiry for granting a stay has been satisfied.  *Treadway*, 2005 WL 713826, at *2 (collecting cases).

The totality of the remaining factors also weigh strongly in favor of a discovery stay.  The requested stay will not unduly delay the instant case or prejudice the parties.  The individual defendants have been indicted.  There is every reason to believe that the Criminal Case will be resolved expeditiously.  Although Reed is the only defendant to have appeared in the Criminal Case, that matter is proceeding in the other defendants' absence.  Furthermore, because the Government is seeking a stay as to discovery only, BitMEX and the individual defendants in this matter will be permitted to proceed with legal motions even during the pendency of the stay.  The public interest also favors a stay.  Allowing even limited discovery to proceed in this matter would risk the integrity of the criminal proceedings by allowing the defendants to use civil discovery to circumvent important protections for witnesses and other limitations on discovery in the Criminal Case for use in the civil case.  *See, e.g.*, *SEC v. Carroll*, No. 19 CIV. 7199 (AT), 2020 WL 1272287, at *4 (S.D.N.Y. Mar. 17, 2020).  The potential for such discovery abuses is particularly pertinent here, where two of the defendants in the instant action have yet to appear in the Criminal Case.

The Government has conferred with the parties and understands that the CFTC as well as the corporate BitMEX defendants intend to take no position on the Government's stay request.  Hayes and Reed intend to oppose the motion.  For the reasons described herein, and consistent with many cases in this district, the Government believes a discovery stay is appropriate even over their objection.  *See, e.g.*, *SEC v. LaGuardia*, 435 F. Supp. 3d 616 (S.D.N.Y. 2020) (staying discovery and all other proceedings over defendant's objection); *Carroll*, 2020 WL 1272287 (staying discovery and filing of motions over defendants' objections); *SEC v. Wey*, 15 Civ. 7116 (PKC) (S.D.N.Y. June 9, 2016) (implementing full stay of discovery over the objection of multiple defendants, with the exception that SEC would produce testimony transcripts); *SEC v. One or More Unknown Purchasers of Securities of Global Indus., Ltd.*, No. 11 Civ. 6500 (RA), 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012) (granting government's request for full stay of discovery for six months over defendant's objection).

For the reasons described above, the Government respectfully requests leave to intervene in this matter and for a stay of discovery during the pendency of the Criminal Case.

Very truly yours,

AUDREY STRAUSS
United States Attorney

by: /s
Samuel L. Raymond / Jessica Greenwood
Assistant United States Attorneys
(212) 637-6519/1090