**LATHAM&WATKINS** LLP

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

February 16, 2021

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 18C
New York, New York 10007

Re:  *CFTC v. HDR Global Trading Limited, et al.*, 20 Civ. 8132 (MKV)

Dear Judge Vyskocil:

We represent Arthur Hayes (Akin Gump) and Samuel Reed (Latham & Watkins) in the above-captioned matter.  We respectfully submit this letter pursuant to the Court's February 11, 2021 order (Dkt. No. 41) and in response to the government's February 10, 2021 letter (the "Feb. 10 Letter") seeking leave to intervene and stay discovery pending resolution of the criminal case captioned *United States v. Hayes, et al.*, 20 Cr. 500 (JGK).  For the reasons set forth below, Messrs. Hayes and Reed oppose the request for a stay of discovery.

As a threshold matter, the government's stay request is premature.  One day before the government submitted its Feb. 10 Letter, the parties who have appeared in this action filed a joint letter requesting that the Court extend the time to respond to the CFTC's civil complaint (the "Complaint") by 45 days (or until March 29, 2021) (Dkt. No. 38).  By order dated February 11, 2021, the Court granted that request.  (Dkt. No. 41).  At present, no defendant has filed an answer, there is no scheduling order in place relevant to discovery, and no party has sought to take discovery.  Thus, the government's stay motion is not ripe and should only be taken up, if at all, *after* the March 29, 2021 date for responding to the Complaint.  In this regard, we note that the government ignored our February 8, 2021 invitation to meet and confer about the scope of its stay request, as Your Honor's Individual Rule No. 3(D) requires.

Moreover, the government's intervention and stay request also fails on the merits.  A stay is an "extraordinary remedy" warranted only when the "interests of justice . . . require such action." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97-98 (2d Cir. 2012) (internal quotations omitted).  The party seeking the stay "bears the burden of establishing its need."  *Clinton v. Jones*, 520 U.S. 681, 706-08 (1997).  The focus of the analysis is whether "a stay would work a hardship, inequity, or injustice to a party, the public or the court."  *Louis Vuitton*, 676 F.3d at 99; *see also Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304

**LATHAM&WATKINS**LLP

(S.D.N.Y. 2009) (noting that the basic goal of the stay analysis "is to avoid prejudice"). Here, the government fails to establish that its requested stay serves the interests of justice or avoids prejudice.

*First*, the government's stay request is predicated on the confluence of timing between the civil and criminal cases, but it is the *government*—and not the defendants—that created this circumstance. The government unsealed its criminal indictment (the "Indictment") on the morning of October 1, 2020 (Case No. 20 Cr. 500, Dkt. No. 1), and the CFTC filed its Complaint moments later that same morning (Dkt. No. 1). Having coordinated so closely with the CFTC when deciding to bring its charges, the government cannot now be heard to complain that it will be prejudiced if the CFTC case goes forward. *See S.E.C. v. Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2005) (lamenting the "bizarre" dynamic in which the U.S. Attorney's Office, "having closely coordinated with the [SEC] in bringing simultaneous civil and criminal actions," then seeks "to be relieved of the consequences that will flow if the two actions proceed simultaneously"); *cf. S.E.C. v. Oakford Corp.*, 181 F.R.D. 269, 273 (S.D.N.Y. 1998) ("To use the federal courts as a forum for filing serious civil accusations that one has no intention of pursuing until a parallel criminal case is completed is a misuse of the processes of these courts.").

*Second*, both the criminal case and this action are in their earliest stages. As discussed with Judge Koeltl at a February 9, 2021 status conference, the government has not yet procured the appearance of three of the four defendants in the criminal case, all of whom reside overseas. Ex. A (Feb. 9, 2021 Hr'g Tr.) at 7:25-9:3. Mr. Hayes has been in dialogue with the government to arrange his appearance, including navigating travel restrictions posed by the pandemic, and is currently scheduled to appear in the criminal case in early April. *Id.* at 5:19-6:1. Mr. Delo has sought to travel to the United States for over a month and has been waiting for the government to take the necessary steps to allow him to do so. *See* Ltr. of P. Smith to J. Koeltl dated Feb. 12, 2021 (Case No. 20 Cr. 500, Dkt. No. 26). While the government has been producing discovery materials to Mr. Reed (the one defendant who resides in the United States), its February 10 letter incorrectly states that "the matter is proceeding" against him "in the other defendants' absence." Feb. 10 Letter at 3. Indeed, Judge Koeltl had a colloquy with the government on this very point, stating that he will discuss a pretrial schedule only at a subsequent status conference, after discovery has progressed and there is a better sense of timing in regard to the other defendants. Ex. A at 11:2-12. That conference is scheduled for May 11, 2021. *Id.* The government has provided no basis for the indefinite stay it seeks by pursuing its motion in this Court before a schedule is even in place for advancing the criminal case. *See Louis Vuitton*, 676 F.3d at 103 (recognizing defendant's legitimate interest in "prompt resolution of the civil case"); *S.E.C. v. Blaszczak*, No. 17-CV-3919, 2018 WL 301091, at *2 (S.D.N.Y. Jan. 3, 2018) (noting that a stay is appropriate only if the "civil case will not be prolonged an unreasonable amount of time"); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (noting that in evaluating a stay, a "court must carefully consider the time reasonably expected for resolution of the other case").

*Third*, the government states that the criminal case and the civil case "share common questions of law and fact" and "aris[e] out of the same core facts." Feb. 10 Letter at 1, 2. But it fails to note that the CFTC case includes additional *claims* and additional *defendants*. While the Indictment charges individuals with violating the Bank Secrecy Act by allegedly operating the

BitMEX platform as a futures commission merchant without adequate anti-money laundering procedures (Indictment ¶¶ 3, 4, 30, 32), the CFTC action alleges violations of a different statute, the Commodity Exchange Act (CEA), including not just for allegedly operating as a futures commission merchant, but also for allegedly operating as a designated contract market and swap execution facility, among other claims (Complaint ¶¶ 1, 4, 116-28). The CFTC sued not only three of the four individual defendants in the criminal case, but also the company they founded, which owns and operates the BitMEX platform. (*Id.* ¶¶ 10-15). The defendants in this case have legitimate and important interests in resolving the CFTC's allegations so that the CEA claims do not hang over the defendants or the company's ongoing business operations. *See* Ltr. of K. McArthur to J. Vyskocil dated Feb. 16, 2021 (noting that the corporate defendants' "active business enterprises" are "prejudiced by the pending litigation looming over them").

*Finally*, the government bases its argument on the general and conclusory assertion that discovery in this action would "circumvent important protections for witnesses and other limitations on discovery in the Criminal Case for use in the civil case." Feb. 10 Letter at 3. But as the government itself notes, Feb. 10 Letter at 2, to date, Mr. Reed is the only defendant who has appeared in the criminal case, and he has entered into a protective order that prohibits materials in the criminal case from being used in the civil case. Protective Order, Nov. 23, 2020, at ¶ 4 (Case No. 20 Cr. 500, Dkt. No. 23). In short, the government provides no reason why defendants in the CFTC case should not be able to proceed into discovery of the CFTC's documents and information in this action.

For these reasons, Messrs. Hayes and Reed respectfully request that the government's request to intervene for a stay of discovery be denied or be held in abeyance until defendants respond to the Complaint in this action.

Respectfully submitted,

| | |
|---|---|
| /s/ *Douglas K. Yatter* | /s/ *James J. Benjamin, Jr.* (with permission) |
| Douglas K. Yatter | James J. Benjamin, Jr. |
| Benjamin A. Naftalis | Katherine R. Goldstein |
| Jack M. McNeily | Peter I. Altman |
| | |
| LATHAM & WATKINS LLP | AKIN GUMP STRAUSS HAUER & FELD LLP |
| | |
| *Counsel for Samuel Reed* | *Counsel for Arthur Hayes* |

cc: All counsel of record (via ECF)