**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

COMMODITY FUTURES TRADING
COMMISSION,

                    Plaintiff,

    v.

HDR GLOBAL TRADING LIMITED, 100X
HOLDINGS LIMITED, ABS GLOBAL TRADING
LIMITED, SHINE EFFORT INC LIMITED, HDR
GLOBAL SERVICES (BERMUDA) LIMITED,
ARTHUR HAYES, BEN PETER DELO, and
SAMUEL REED,

                    Defendants.

Case No. 20 Civ. 8132 (MKV) (JLC)

## DEFENDANT ARTHUR HAYES'S ANSWER AND
## AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Arthur Hayes ("Hayes" or "Defendant"), by and through his attorneys Akin
Gump Strauss Hauer & Feld LLP, respectfully submits this Answer and Affirmative Defenses to
the Complaint for Injunctive and Other Equitable Relief and Civil Monetary Penalties Under the
Commodity Exchange Act and Commission Regulations of Plaintiff Commodity Futures Trading
Commission ("CFTC" or "Plaintiff"), dated October 1, 2020 (the "Complaint") (Dkt. No. 1), and
hereby answers each of the numbered paragraphs of Plaintiff's Complaint.

## GENERAL DENIAL

All allegations are denied unless specifically admitted, and any factual averment admitted
is admitted only as to the specific facts and not as to any conclusions, characterizations,
implications, or speculations which are contained in the averment or in the Complaint as a whole.

The Complaint contains allegations pertaining to the conduct and/or state of mind of other
defendants and third parties.  Unless otherwise noted, Defendant responds only to those allegations

made specifically against him and lacks knowledge or information sufficient to form a belief as to the truth or falsity of any allegation relating to any other person or any other entity.

Defendant further respectfully submits that the Complaint contains purported allegations that constitute legal conclusions and/or that are definitional or hypothetical in nature. To the extent such allegations require a response at all, they are denied, unless otherwise noted.

For the avoidance of doubt, the headings, sub-headings, and unnumbered paragraphs used in the Complaint, to the extent they contain any allegations or require any response, are denied, unless otherwise noted.

The Complaint also contains purported descriptions and/or summaries of, and purported excerpts from and references to, a number of documents and third-party publications. Such documents and third-party publications speak for themselves and Defendant respectfully refers the Court to those documents for a complete and accurate statement of the contents thereof. Defendant reserves all rights and objections regarding the admissibility and/or relevance of all such documents and third-party publications.

Defendant repeats, re-alleges, and incorporates this statement in each paragraph contained in this Answer as if fully set forth therein.

## SPECIFIC RESPONSES

The unnumbered introductory paragraph to the Complaint purports to identify the parties, and as such, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in the unnumbered introductory paragraph, except denies that the entities identified were "all doing business as 'BitMEX.'" Defendant's use of the term "BitMEX" in this Answer shall refer to the name of the online digital asset trading platform and its associated website and/or functionality.

## I.   <u>SUMMARY</u>

1.      Paragraph 1 purports to characterize Plaintiff's claims and therefore no response is required.  Paragraph 1 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 1.

2.      Paragraph 2 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 2.

3.      Defendant denies the allegations in paragraph 3.

4.      Paragraph 4 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 4.

5.      Paragraph 5 contains allegations that are hypothetical in nature, that contain legal conclusions, and to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 5.

6.      Paragraph 6 purports to characterize Plaintiff's claims and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 6.

## II.   <u>JURISDICTION AND VENUE</u>

7.      Paragraph 7 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 7.

8.      Paragraph 8 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 8.

## III.   <u>PARTIES</u>

9.      Paragraph 9 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9.

10.     Defendant denies the allegations in paragraph 10, except admits that HDR Global Trading Limited was incorporated in the Seychelles in 2014, that "HDR" contains the first letter of the names Hayes, Delo, and Reed, that throughout the Relevant Period HDR has owned and operated the BitMEX trading platform, and that Defendant has had an approximately one-third interest in HDR.

11.     Defendant denies the allegations in paragraph 11, except admits that 100x Holdings Limited is a company incorporated in Bermuda, and respectfully refers the Court to the July 15, 2020 blog post referenced by Plaintiff for a complete and accurate statement of its contents.

12.     Defendant denies the allegations in paragraph 12, except admits that ABS Global Trading Limited is a Delaware limited liability company incorporated in 2017 and a subsidiary of HDR, and that "ABS" contains the first letter of the names Arthur, Ben, and Samuel.

13.     Defendant denies the allegations in paragraph 13, except admits that Shine Effort Inc Limited is a Hong Kong corporation incorporated in 2014.

14.     Defendant denies the allegations in paragraph 14, except admits that HDR Global Services (Bermuda) Limited is a Bermudian entity incorporated in 2018.

15.     Defendant denies the allegations in paragraph 15, except admits that HDR, 100x, ABS, Shine, and HDR Services share certain resources, ownership, and directors, and that certain employees of these entities have, at times during the Relevant Period, had email addresses containing "@bitmex.com."

16.     Defendant denies the allegations in paragraph 16, except admits that he is a co-founder and co-owner of HDR Global Trading Ltd., has at times during the Relevant Period been identified as Chief Executive Officer of the company, is a United States citizen, has at times during the Relevant Period resided in Hong Kong, files income tax returns in the United States, has during

the Relevant Period held an interest in HDR Global Trading Ltd. through a Delaware limited liability company, that this Delaware limited liability company has at times during the Relevant Period maintained bank accounts at banks in the United States and owned property in the United States, that he is the sole beneficial owner of an entity named Headline Asia, and that he has never been registered with the Commission in any capacity.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17, except admits that Ben Peter Delo is a co-founder and co-owner of HDR Global Trading Ltd.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18, except admits that Samuel Reed is a co-founder and co-owner of HDR Global Trading Ltd. and that Reed has at times during the Relevant Period been identified as Chief Technology Officer of the company.

19.     Defendant denies the allegations in paragraph 19.

## IV.     STATUTORY BACKGROUND AND LEGAL FRAMEWORK

20.     Paragraph 20 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20, and respectfully refers the Court to the referenced statutory provision for a complete and accurate statement of its contents.

21.     Paragraph 21 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21, and respectfully refers the Court to the referenced statutory and regulatory provisions for a complete and accurate statement of their contents.

22.     Paragraph 22 contains legal conclusions to which no response is required.  To the

extent a response is required, Defendant denies the allegations in paragraph 22.

23.     Paragraph 23 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23, and respectfully refers the Court to the referenced statutory provision for a complete and accurate statement of its contents.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24.

25.     Paragraph 25 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25, and respectfully refers the Court to the referenced statutory and regulatory provisions for a complete and accurate statement of their contents.

26.     Paragraph 26 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26, and respectfully refers the Court to the referenced statutory provisions for a complete and accurate statement of their contents.

27.     Paragraph 27 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27, and respectfully refers the Court to the referenced statutory and regulatory provisions for a complete and accurate statement of their contents.

28.     Paragraph 28 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations in paragraph 28, and respectfully refers the Court to the referenced statutory provision for a complete and accurate statement of its contents.

29.     Paragraph 29 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29, and respectfully refers the Court to the referenced statutory provisions for a complete and accurate statement of their contents.

30.     Paragraph 30 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30, and respectfully refers the Court to the referenced statutory provision for a complete and accurate statement of its contents.

31.     Paragraph 31 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31, and respectfully refers the Court to the referenced statutory provisions for a complete and accurate statement of their contents.

32.     Paragraph 32 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32, and respectfully refers the Court to the referenced regulatory provisions for a complete and accurate statement of their contents.

33.     Paragraph 33 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33, and respectfully refers the Court to the referenced statutory and regulatory provisions for a complete and accurate statement of their contents.

34.     Paragraph 34 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34, and respectfully refers the Court to the referenced statutory provision for a complete and accurate statement of its contents.

35.     Paragraph 35 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35, and respectfully refers the Court to the referenced regulatory provisions for a complete and accurate statement of their contents.

## V.     FACTS

36.     Defendant denies the allegations in paragraph 36, except admits that the BitMEX trading platform allows for trading in cryptocurrency derivative products, including derivative products referencing bitcoin, ether, and litecoin, and respectfully refers the Court to any such statement for a complete and accurate statement of its contents.

37.     Defendant denies the allegations in paragraph 37.

38.     Defendant denies the allegations in paragraph 38, and respectfully refers the Court to the BitMEX website for a complete and accurate statement of its contents.

39.     Defendant denies the allegations in paragraph 39, except admits that the BitMEX trading platform is a derivatives trading platform and not a spot market for purchase or sale of virtual currencies, and that certain of its derivatives products in some circumstances may be traded with leverage of up to 100 to 1.

40.     Defendant denies the allegations in paragraph 40, except admits that the BitMEX trading platform is a derivatives trading platform and not a spot market for purchase or sale of virtual currencies, and that certain of its derivatives products in some circumstances may be traded

with leverage.

41.     Defendant denies the allegations in paragraph 41, except admits that BitMEX trading platform customers deposit bitcoin to and withdraw bitcoin from BitMEX wallet addresses and that customers may enter into long or short positions in certain products on the BitMEX platform.

42.     Defendant denies the allegations in paragraph 42, except admits that BitMEX trading platform customers may hold a percentage of the value of their trading positions on the exchange in bitcoin, and respectfully refers the Court to the BitMEX website for a complete and accurate statement of its contents.

43.     Paragraph 43 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 43.

44.     Defendant denies the allegations in paragraph 44, except admits that the BitMEX trading platform may charge fees for certain trades on the BitMEX trading platform.

45.     Defendant denies the allegations in paragraph 45, except admits that trading on the BitMEX platform launched in or around November 2014, that the BitMEX trading platform initially offered two types of contracts, the "XBT" and "XBU," both of which were based on the value of a dollar against the value of a bitcoin, and that the BitMEX trading platform added other products over time.

46.     Defendant denies the allegations in paragraph 46, except admits that the BitMEX trading platform added the XBTUSD perpetual product on or around May 13, 2016, and respectfully refers the Court to the BitMEX website for a complete and accurate statement of its contents.

47.     Defendant denies the allegations in paragraph 47.

48.     Defendant denies the allegations in paragraph 48.

49.     Defendant denies the allegations in paragraph 49.

50.     Defendant denies the allegations in paragraph 50.

51.     Defendant denies the allegations in paragraph 51.

52.     Defendant denies the allegations in paragraph 52.

53.     Defendant denies the allegations in paragraph 53, except admits that there exists a Service Agreement between HDR and ABS, and respectfully refers the Court to the document referenced by Plaintiff for a complete and accurate statement of its contents.

54.     Defendant denies the allegations in paragraph 54.

55.     Defendant denies the allegations in paragraph 55.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56, except admits that Reed had a role in developing the BitMEX website, and that ABS leased an office in Milwaukee, Wisconsin on or around March 1, 2018 for a period of one year.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57, except admits that an individual with the title of Head of Business Development resided in New York and reported to Defendant at certain times within the Relevant Period.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58.

59.     Defendant denies the allegations in paragraph 59.

60.     Defendant denies the allegations in paragraph 60, except admits that an office located in New York leased by certain personnel associated with the BitMEX trading platform

closed in or around September 2018.

61.     Defendant denies the allegations in paragraph 61, except admits that entities associated with the BitMEX trading platform and its associated website have at times during the Relevant Period used global resources provided by Google, Slack, and Amazon Web Services.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62, except admits that HDR Global Trading Ltd. has applied for a trademark with the United States Patent and Trademark Office.

63.     Defendant denies the allegations in paragraph 63, except admits that he has at times during the Relevant Period signed documents on behalf of HDR or affiliated entities.

64.     Defendant admits that HDR was incorporated as a Seychelles International Business Company on or around June 23, 2014, that the original directors of HDR were Hayes, Delo, and Reed, and that each owned approximately one third of that entity.

65.     Defendant denies the allegations in paragraph 65, and respectfully refers the Court to the documents referenced by Plaintiff for complete and accurate statements of their contents.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 66, except admits that Shine was incorporated on or around August 6, 2014.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 67, except admits that ABS was incorporated on or around April 27, 2017, and respectfully refers the Court to any such corporate resolution for a complete and accurate statement of its contents.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 68, except admits that Defendant has at times during the

Relevant Period held a credit card for ABS, and respectfully refers the Court to any such corporate resolution for a complete and accurate statement of its contents.

69.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 69, except admits that he has at times during the Relevant Period authored posts on the BitMEX blog and spoken at conferences.

70.     Defendant denies the allegations in paragraph 70, except admits that he worked with Delo and Reed to build the BitMEX trading platform, and respectfully refers the Court to the document referenced by Plaintiff for a complete and accurate statement of its contents.

71.     Defendant denies the allegations in paragraph 71.

72.     Defendant denies the allegations in paragraph 72.

73.     Defendant denies the allegations in paragraph 73.

74.     Defendant denies the allegations in paragraph 74, and respectfully refers the Court to the document referenced by Plaintiff for a complete and accurate statement of its contents.

75.     Defendant denies the allegations in paragraph 75, except admits that the BitMEX trading platform at times had an affiliate referral program.

76.     Defendant denies the allegations in paragraph 76, and to the extent the allegations concern unidentified third parties, Defendant further lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 76.

77.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 77, and respectfully refers the Court to the document referenced by Plaintiff for a complete and accurate statement of its contents.

78.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 78.

79.    Defendant denies the allegations in paragraph 79 and respectfully refers the Court to the documents referenced by Plaintiff for a complete and accurate statement of their contents.

80.    Defendant denies the allegations in paragraph 80, and to the extent the allegations concern unidentified third parties, Defendant further lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 80.

81.    Defendant denies the allegations in paragraph 81, and respectfully refers the Court to the documents referenced by Plaintiff for a complete and accurate statement of their contents.

82.    Defendant denies the allegations in paragraph 82.

83.    Defendant denies the allegations in paragraph 83.

84.    Defendant denies the allegations in paragraph 84, and to the extent the allegations concern unidentified third parties, Defendant further lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 84.

85.    Defendant denies the allegations in paragraph 85.

86.    Defendant denies the allegations in paragraph 86.

87.    Defendant denies the allegations in paragraph 87.

88.    Defendant denies the allegations in paragraph 88, and respectfully refers the Court to the documents referenced by Plaintiff for a complete and accurate statement of their contents.

89.    Defendant denies the allegations in paragraph 89, and respectfully refers the Court to the documents referenced by Plaintiff for a complete and accurate statement of their contents.

90.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 90.

91.    Defendant denies the allegations in paragraph 91.

92.    Defendant denies the allegations in paragraph 92.

93.     Defendant denies the allegations in paragraph 93.

94.     Defendant denies the allegations in paragraph 94, and respectfully refers the Court to the documents referenced by Plaintiff for a complete and accurate statement of their contents.

95.     Defendant denies the allegations in paragraph 95 and respectfully refers the Court to the documents referenced by Plaintiff for a complete and accurate statement of their contents.

96.     Defendant denies the allegations in paragraph 96, and respectfully refers the Court to the documents referenced by Plaintiff for a complete and accurate statement of their contents.

97.     Defendant denies the allegations in paragraph 97, and respectfully refers the Court to the documents referenced by Plaintiff for a complete and accurate statement of their contents.

98.     Defendant denies the allegations in paragraph 98, except admits that the CFTC settled two enforcement actions involving digital assets in September 2015, and respectfully refers the Court to the documents referenced by Plaintiff for a complete and accurate statement of their contents.

99.     Defendant denies the allegations in paragraph 99, and respectfully refers the Court to the documents referenced by Plaintiff for a complete and accurate statement of their contents.

100.    Defendant denies the allegations in paragraph 100, except admits that it was announced in 2020 on the BitMEX blog that all customers of the BitMEX trading platform would need to go through a user verification program, and respectfully refers the Court to the document referenced by Plaintiff for a complete and accurate statement of its contents.

101.    Defendant denies the allegations in paragraph 101.

## VI.   VIOLATIONS OF THE COMMODITY EXCHANGE ACT AND REGULATIONS
### COUNT I

102.    Defendant restates and incorporates his responses to paragraphs 1-101 as if set forth fully herein.

103.    Paragraph 103 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 103.

104.    Paragraph 104 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 104.

105.    Paragraph 105 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 105.

106.    Paragraph 106 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 106.

107.    Paragraph 107 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 107.

108.    Paragraph 108 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 108.

109.    Paragraph 109 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 109.

**COUNT II**

110.    Defendant restates and incorporates his responses to paragraphs 1-109 as if set forth fully herein.

111.    Paragraph 111 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 111.

112.    Paragraph 112 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 112.

113.    Paragraph 113 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 113.

114.     Paragraph 114 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 114.

115.     Paragraph 115 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 115.

## COUNT III

116.     Defendant restates and incorporates his responses to paragraphs 1-115 as if set forth fully herein.

117.     Paragraph 117 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 117.

118.     Paragraph 118 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 118.

119.     Paragraph 119 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 119.

120.     Paragraph 120 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 120.

121.     Paragraph 121 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 121.

## COUNT IV

122.     Defendant restates and incorporates his responses to paragraphs 1-121 as if set forth fully herein.

123.     Paragraph 123 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 123.

124.     Paragraph 124 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 124.

125.     Paragraph 125 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 125.

126.     Paragraph 126 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 126.

127. Paragraph 127 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 127.

128.     Paragraph 128 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 128.

**COUNT V**

129.     Defendant restates and incorporates his responses to paragraphs 1-128 as if set forth fully herein.

130.     Paragraph 130 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 130.

131.     Paragraph 131 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 131.

132.     Paragraph 132 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 132.

133.     Paragraph 133 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 133.

134.     Paragraph 134 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 134.

**COUNT VI**

135.     Defendant restates and incorporates his responses to paragraphs 1-134 as if set forth fully herein.

136.    Paragraph 136 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 136.

137.    Paragraph 137 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 137.

138.    Paragraph 138 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 138.

139.    Paragraph 139 contains legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 139.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant states the following defenses and reserves his right to assert other and additional defenses, cross claims, and third-party claims not asserted herein of which he becomes aware through discovery and other investigation as may be appropriate at a later time.  In asserting these defenses, Defendant does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiff.  Without admitting any wrongful conduct and without conceding that he has the burden of proof on any of the following defenses, Defendant alleges the following defenses to the Complaint:

### FIRST DEFENSE

The Complaint does not set forth facts sufficient to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because this court does not have subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because they are impermissibly extraterritorial.

### FOURTH DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by the applicable statute of limitations or repose.

### FIFTH DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of release, accord and satisfaction, res judicata, collateral estoppel, waiver, general estoppel, ratification, and/or acquiescence.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because imposing liability or penalties would violate due process requirements when provisions of the Commodity Exchange Act and accompanying regulations underlying Plaintiff's allegations are vague and ambiguous, provide insufficient notice of Plaintiff's current interpretation of the law, and are contrary to prior communications from the CFTC regarding applicability of such provisions to a foreign-based cryptocurrency derivatives platform.

### SEVENTH DEFENSE

Plaintiff's assertions of control person liability fail because of the absence of underlying violations.

### EIGHTH DEFENSE

Plaintiff's assertions of control person liability fail because Defendant did not know of or condone the alleged conduct and/or acted in good faith with respect to the alleged conduct.

**NINTH DEFENSE**

Plaintiff's assertions of failure to supervise under Regulation 166.3 fail because Regulation 166.3 did not apply to Defendant.

**TENTH DEFENSE**

Plaintiff's claims for relief are barred, in whole or in part, because Defendant is not liable for the acts of any other Defendant or third party.

**ELEVENTH DEFENSE**

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff lacks standing, including but not limited to Article III standing, to assert its claims.

**TWELFTH DEFENSE**

The relief requested in the Complaint is improper, in whole or in part, because the Complaint fails to allege a reasonable likelihood of future violations.

**THIRTEENTH DEFENSE**

Defendant asserts all other affirmative defenses that may be revealed during the course of discovery and, to the extent applicable, Defendant hereby adopts and incorporates by reference any other defenses asserted or to be asserted by any other defendant in this action and any other statutory or constitutional defenses available to him.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Defendant denies that he is liable to Plaintiff on any claim or for any amount and requests judgment as follows:

1. That this Court dismiss the Complaint with prejudice;

2. That this Court enter judgment in favor of Defendant;

3. That Plaintiff has, takes, and recovers nothing against Defendant;

4.  That this Court award Defendant's costs, attorneys' fees, and expenses in the amount and manner permitted by applicable law; and

5.  That this Court grant Defendant such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Defendant hereby reserves the right to object to Plaintiff's demand for a trial by jury on some or all of the issues raised in the Complaint.  Defendant additionally reserves the right to object to Plaintiff's designation of the place of trial in this action.

Dated:  August 10, 2021

Respectfully submitted,

**AKIN GUMP STRAUSS HAUER & FELD LLP**

/s/ *James J. Benjamin, Jr.*

James J. Benjamin, Jr.
(*jbenjamin@akingump.com*)
Peter I. Altman (*paltman@akingump.com*)
Katherine R. Goldstein
(*kgoldstein@akingump.com*)
One Bryant Park
New York, NY 10036
Tel.:  (212) 872-1000
Fax:  (212) 871-1002

*Attorneys for Arthur Hayes*